# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **SUSAN ISMAIL** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NUMBER:** |
| ) | <u>**JURY TRIAL DEMANDED**</u> |
| **PHILLIPS & COHEN, ASSOCIATES,** ) | |
| **LTD.; CITIBANK N.A.;** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

This is an action brought by the Plaintiff, SUSAN ISMAIL, for actual and statutory damages, attorney's fees, and costs for Defendant Phillips & Cohen Associates, LTD's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). Plaintiff also seeks compensatory and punitive damages for the Defendants' violations of Alabama's common laws set forth herein.

### JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that at all relevant times the

Defendants transacted business here, and the Plaintiff resides here.

## STATEMENT OF THE PARTIES

1. Plaintiff, SUSAN ISMAIL, is over the age of nineteen (19) years and is a resident of the city of Homewood in Jefferson County, Alabama. Plaintiff is a "consumer" as defined in the Fair Debt Collection Practices Act ("FDCPA").

2. Defendant Phillips & Cohen Associates, LTD, (hereinafter "PCA") is and at all times pertinent herein was, a foreign corporation or other legal entity organized under the laws of the State of New Jersey with its principal place of business in Wilmington, Delaware. PCA was, at all relevant times herein, conducting business in this District.

3. Defendant Citibank, N.A., (hereinafter "Citibank") is a national bank or other legal entity that has a principal place of business in Sioux Falls, South Dakota. Citibank, at all times pertinent herein, was conducting business in this District.

4. PCA is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. PCA uses the mails and telephone in and about its efforts to collect debt.

5. PCA is a debt collector as that term is defined by the Fair Debt

      Collection Practices Act at 15 U.S.C. §1692(a)(6).

6.    All events herein occurred in Jefferson County, Alabama.

## STATEMENT OF FACTS

### *Background*

7.    Plaintiff Susan Ismail's husband, Fekry Ismail, passed away on September 12, 2017.

8.    On or about October 26, 2017, Plaintiff, through an attorney, probated her late husband's will in the Probate Court of Jefferson County, Alabama and was appointed Personal Representative of the Estate and was granted Letters Testamentary to administer the Estate.

9.    The Estate's Notice to Creditors was published in the Alabama Messenger on October 28, 2017, November 4, 2017 and November 11, 2017. The relevant statutory time period for making claims against the Estate expired on April 26, 2018, before the events made the basis of this suit.

10.   At some time prior to September 19, 2018, Citibank placed a debt allegedly owed by the late Mr. Ismail to Citbank with PCA for collection.

*September 19, 2018 letter from PCA to Plaintiff*

11. On or about September 19, 2018, after the time period for making claims against the Estate expired, PCA sent or caused to be sent a letter to Plaintiff at her home. The letter was addressed to "The Estate of Fekry H. Ismail."

12. The September 19, 2018 letter sought to locate "the Executor, administrator, or individual who is authorized to pay the outstanding bills of the late FEKRY H. ISMAIL from assets of the estate."

*October 9, 2018 letter from Plaintiff's attorney to PCA*

13. In response to the September 19, 2018 letter, Plaintiff's attorney sent a letter to PCA via facsimile and regular mail. This letter was sent on Plaintiff's attorney's letterhead.

14. That letter stated that the sender represented Plaintiff, that Plaintiff was in receipt of the September 19, 2018 letter, that the Estate was opened but that the time for creditors to file claims had expired and further instructed PCA not to contact Plaintiff again but, rather, to direct any and all future communications to Plaintiff's counsel.

*October 16, 2018 letter from PCA to Plaintiff*

15. Despite receiving the October 9, 2018 letter from Plaintiff's attorney,

and being informed that the statutory time frame for filing claims against the Estate had passed, PCA sent a second letter to Plaintiff at her home that was addressed "To the Executor/Administrator of the Estate of: Fekry Ismail" on or about October 16, 2018.

16. The October 16, 2018 letter sought to collect an alleged debt owed by the late Fekry Ismail to Citibank, N.A.

## CAUSES OF ACTION

### COUNT ONE
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. The foregoing acts and omissions of Defendant PCA and its employees and agents constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff, including **but not limited to**, § 1692c(a)(2) and § 1692e(2).

19. As a direct and proximate result of the wrongful conduct visited upon Plaintiff by Defendant in its collection efforts, Plaintiff suffered actual damages including, but not limited to, worry, stress, anxiety,

embarrassment, physical pain, mental anguish and emotional distress.

20. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages in an amount to be determined by a struck jury pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## COUNT TWO
## NEGLIGENCE

21 Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Defendants knew or should have known of the conduct set forth herein which was directed at and visited upon Plaintiff.

23. The Defendants knew or should have known that said conduct was improper and violated the law.

24. The Defendants negligently failed to train and/or negligently failed to supervise their employees or agents in order to prevent said improper and illegal conduct.

25. Defendant PCA negligently failed to train and supervise its collectors

with regard to the requirements and prohibitions of the FDCPA.

26. Defendant Citibank negligently placed this debt for collection when it knew or reasonably could have ascertained that the claims period for making claims against Plaintiff's late husband's Estate had expired.

27. As a result of Defendants' negligence, Plaintiff suffered harm.

## COUNT THREE
## WANTONNESS

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The Defendants knew or should have known of the conduct set forth herein which was directed at and visited upon Plaintiff.

30. The Defendants knew or should have known that said conduct was improper and violated the law.

31. The Defendants recklessly and wantonly failed to train and/or recklessly and wantonly failed to supervise their employees or agents in order to prevent said improper and illegal conduct.

32. Defendant PCA recklessly and wantonly failed to train and supervise its collectors with regard to the requirements and prohibitions of the FDCPA.

33. Defendant Citibank recklessly and wantonly placed the debt of Plaintiff's deceased spouse for collection when it knew or should have known that the debt was no longer collectible given that the time period for filing claims against Plaintiff's late husband's Estate expired.

34. As a result of Defendants' reckless and wanton conduct, Plaintiff suffered harm including but not limited to worry, embarrassment, humiliation, anxiety and mental anguish among other personal injuries.

### *Respondeat Superior Liability*

35. At all times relevant herein, Defendant PCA and its employees and agents acted as the agent of Defendants Citibank, N.A. The acts and omissions of Defendant PCA and its employees and agents were committed within the scope of PCA's agency relationship with Citibank, N.A.

36. The acts and omissions by PCA and its employees and agents were incidental to, or of the same general nature as, the responsibilities PCA was authorized to perform by Defendant Citibank, N.A. in the collection of consumer debts such as the consumer debts allegedly owed by the

Plaintiff's late husband.

37. By committing these acts and omissions against the Plaintiff, Defendant PCA's agents and employees were motivated to benefit PCA's principal, Defendant Citibank, N.A.

38. Defendant Citibank, N.A. is therefore liable to Plaintiff through the Doctrine of *Respondeat Superior* for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its agent, PCA, in and about PCA's attempts to collect the alleged debt from the estate.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff claims damages of the Defendants, jointly and severally, in both compensatory and punitive damages, plus interest, costs, reasonable attorney's fees and any such other and further relief as this court deems proper and/or necessary.

In addition to the above, Plaintiff further demands declaratory judgment that Defendant PCA's conduct violated the FDCPA, statutory damages in the amount of $1,000.00 for the violations of the FDCPA pursuant to 15 U.S.C. § 1692k and costs and reasonable attorneys' fees from PCA for its violations of the FDCPA pursuant to 15 U.S.C. § 1692k.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

                                                        /s/ *W. Whitney Seals*
                                                        W. WHITNEY SEALS,
                                                        Attorney for Plaintiff

**OF COUNSEL:**

**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Facsimile: (205) 323-3906
filings@cochrunseals.com

                                                        */s/ John C. Hubbard*
                                                        JOHN C. HUBBARD,
                                                        Attorney for Plaintiff

**OF COUNSEL:**

**JOHN C. HUBBARD, LLC**
P.O. Box 953
Birmingham, AL 35201
Telephone: (205) 378-8121
jch@jchubbardlaw.com

**PLAINTIFF'S ADDRESS:**
SUSAN ISMAIL
418 Woodland Drive
Homewood, AL 35209

**PLEASE SERVE THE DEFENDANTS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESSES:**

Phillips & Cohen Associates, LTD
c/o Registered Agent
C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

Citibank, N.A.
c/o Chief Executive Officer
Barbara Desoer
701 East 60th Street North
Sioux Falls, S.D. 57104